UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCIOLI TURCO, INC. :<br>:<br>And :<br>:<br>915 SPRING GARDEN ASSOCIATES, LP :<br>:<br>      Petitioners, :<br>:<br>Vs. :<br>:<br>PHILADELPHIA & READING RAILROAD CO., :<br>And READING INTERNATIONAL, INC. :<br>:<br>      Respondents. : | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

Defendants Philadelphia & Reading Railroad Co. and Reading International, Inc. ("Reading International") (collectively "Reading"), without waiving their defenses under Federal Rule of Civil Procedure 12, do hereby remove the above-referenced action from the Court of Common Pleas for Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

## BASIS FOR REMOVAL

1.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2.    Scioli Turco, Inc. ("Scioli Turco") and 915 Spring Garden Associates, LLP (collectively "Petitioners"), through a Petition for the Appointment of a Conservator ("Petition"), seek relief against Reading through claims which are completely preempted by federal law.

3.    A true and correct copy of the Petition, and the exhibits thereto, is attached as Exhibit A.

4. Petitioners seek to have the court appoint a conservator and provide relief pursuant to a Pennsylvania statute, the Abandonment and Blighted Property Conservatorship Act (the "Conservatorship Act"), 68 P.S. § 1101 *et seq*.

5. Petitioners allege that the property for which they seek such relief is owned by Reading International and located at 901 Spring Garden Street, Philadelphia, Pennsylvania. Petitioners further allege that the property is a former rail station through which a former rail line called the Reading Viaduct ran.

6. The Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), codified at 49 U.S.C. §§ 10101, *et seq*., gives the Surface Transportation Board ("STB"), a federal agency, exclusive jurisdiction over rail property that is the subject of any claim of "abandonment."   *See* 49 U.S.C. § 10501(b)(2) ("The jurisdiction of the [STB] over ... abandonment ... is exclusive. … [T]he remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.").

7. The relief sought by Petitioners is contrary to the exclusive jurisdiction of the STB. Scioli Turco seeks to "be deemed to have an ownership interest in and legal control of the property" for various purposes, including "filing plans with public agencies and boards, seeking and obtaining construction permits and other approvals and submitting applications for financing or other assistance to public or private entities." 68 Pa. Stat. § 1107(a).  Scioli Turco also seeks to be vested with the ability to encumber the property with mortgages and liens. 68 Pa. Stat. § 1108. Scioli Turco also seeks approval of a "Preliminary Plan", with an initial estimated cost of $454,766.48, which ultimately results in the sale of the property. Pet., ¶ 83, Ex. 4 (net revenue associated with Preliminary Plan "TBD by sale price").  Scioli Turco also asks the Prothonotary

for Philadelphia County to index a notice of lis pendens against the property, which would immediately encumber the property and otherwise impair title. Pet., ¶ 89, Ex. 5.

8. The relief sought is contrary to the exclusive jurisdiction of the STB with respect to any issues related to abandonment and control of the property.

9. As a result, and in response to the Petition, Respondents anticipate filing a motion to dismiss pursuant to Rule 12(b)(1) which seeks dismissal of the Petition.

10. This Notice of Removal is properly filed in the Eastern District of Pennsylvania because the Court of Common Pleas for Philadelphia County is located in this federal judicial district. *See* 28 U.S.C. § 1441(a)-(c).

11. No further proceedings have taken place in the Court of Common Pleas.

12. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed because Reading was served with the Petition on or around January 26, 2021.

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Petitioners, and is being filed with the Prothonotary for the Philadelphia County Court of Common Pleas.

WHEREFORE, Defendants Philadelphia & Reading Railroad Co. and Reading International, Inc. respectfully request that this Court exercise jurisdiction over this removed action and enter orders and grant relief as may be necessary to secure removal and prevent further proceedings in this matter in the Court of Common Pleas.

Respectfully submitted,

Dated: February 5, 2021

**HOLLAND & KNIGHT LLP**

*/s/ Andrew J. Soven*
Andrew J. Soven (PA ID 76766)
Robert P. Frank  (PA ID 46602)
Cira Centre
2929 Arch Street, Suite 800
Philadelphia, PA 19104
Tel:  (215) 252-9600
Fax:  (215) 867-6070
Email:  andrew.soven@hklaw.com

*Attorneys for Defendants*
Philadelphia & Reading Railroad Co.
and Reading International, Inc.

## **CERTIFICATE OF SERVICE**

I, Andrew J. Soven, hereby certify that on February 5, 2021, a true and correct copy of the foregoing Notice of Removal was served upon the following via email and overnight delivery:

Gaetano P. Piccirilli, Esquire
Monica Clarke Platt, Esquire
KLEHR HARRISON HARVEY BRANZBURG LLP
1835 Market Street, 14th Floor
Philadelphia, PA 19103
gpiccirilli@klehr.com
mplatt@klehr.com
*Attorneys for Petitioners*

　　　　　　　　　　　　　　　　　　　　　*/s/ Andrew J. Soven*
　　　　　　　　　　　　　　　　　　　　　Andrew J. Soven